# H. H. Shoemaker, Plff. in Err., *v.* D. L. Beaver.

Evidence that lessors in a written lease of a house and lot gave the lease upon the parol condition that one of them should have rooms and be supplied with board by a third person, in the house, offered in support of the right to occupy the reserved rooms, is competent; it does not violate the rule which forbids parol evidence to explain or vary a written contract.

(Decided October 19, 1885.)

Error to the Common Pleas of Forest County. Reversed.

The action was replevin in the name of Shoemaker as bailiff of G. Shamburg, for things belonging to D. L. Beaver, distrained for rent claimed as due to Shamburg. The history of the controversy is, that on April 17, 1879, G. Shamburg and J. A. Neill gave to D. L. Beaver a written lease of a farm. Neill soon after transferred his interest to Shamburg. On the farm there was a large two-story dwelling-house, which Shamburg wished to reserve. To this Mr. Beaver objected. The dif-

NOTE.—See note to Woods v. Russell, 1 Cent. Rep. 336.

Parol evidence may be offered to show fraud, accident, or mistake in the execution of a lease. Harvey v. Gunzberg, 148 Pa. 294, 23 Atl. 1005; Thudium v. Yost, 20 W. N. C. 217. But the representation made must be averred as false and fraudulent. Wilcox v. Palmer, 163 Pa. 109, 29 Atl. 757. So, a subsequent verbal contract modifying the lease may be proved. Wilgus v. Whitehead, 89 Pa. 131. Or an agreement as to a matter not included in the lease. Heilman v. Weinman, 139 Pa. 143, 21 Atl. 29. So it would seem that a contemporaneous agreement which led to the execution of the lease may be proved. Shughart v. Moore, 78 Pa. 469. But see Eberle v. Bonafon, 17 W. N. C. 335.

ference was compromised by an agreement that, if Mr. Beaver's wife would agree to it, the Beavers would board Shamburg and his family, consisting of himself, four children and·a governess. Shamburg was to have the occupancy of four second-story rooms in the house and two stalls in the barn, free of charge. As Mrs. Beaver had to be consulted and was several miles away, any mention of this arrangement was purposely omitted from the lease. It was to be, and afterwards became, the subject of a future agreement, when Shamburg had seen and agreed with Mrs. Beaver about the board of his family. But the right to make this reservation, upon the contingency mentioned, was the condition of Shamburg's consent to lease the farm.

Mrs. Beaver subsequently did consent to board Dr. Shamburg and family on terms agreed on between them, which, however, had no connection with the lease of the farm and about which there never was any difficulty. Shamburg moved his family into the house, and they occupied the four rooms upstairs and the two stalls in the barn, and ate at the table of Mrs. Beaver for five years, during the continuance of the lease.

At the end of two years, the original term of the lease, Beaver elected to continue it for three years more, as he had a right to do by its terms. But, soon after the renewal, he assumed to deduct from the rent of the farm an allowance for the occupancy of the reserved rooms. Shamburg then distrained for the unpaid balance of the full rent. Details of the evidence are given in the opinion. Under instructions from the court that the jury could not consider evidence varying the effect of a lease as written, and, therefore, Beaver was legally entitled to the whole house, the jury found for Beaver, in the replevin suit; and, to review the judgment on the verdict, this writ of error was brought, it being prosecuted in the name of Shoemaker as bailiff.

*Johnson & Irwin,* for plaintiff in error.—Contended that many exceptions are now recognized to the old technical common-law rule excluding parol evidence where there is a written contract, and that this case should not be governed by it. Hoopes v. Beale, 90 Pa. 82; Breneman v. Furniss, 90 Pa. 186, 35 Am. Rep. 651; Keough v. Leslie, 92 Pa. 424; Barclay v. Wainwright, 86 Pa. 191; Hoeveler v. Mugele, 66 Pa. 348; Caley v. Philadelphia & C. County R. Co. 80 Pa. 370; Graver

v. Scott, 80 Pa. 94; Chalfant v. Williams, 35 Pa. 212; Powelton Coal Co. v. McShain, 75 Pa. 238; Lippincott v. Whitman, 83 Pa. 244.

*S. T. Neill* and *T. J. Van Giesen*, for defendant in error.— This case is fully covered and ruled by Thorne v. Warfflein, 100 Pa. 519, which was in the mind of the court at the time of the trial. The case of Martin v. Berens, 67 Pa. 459, cited to the court on the trial, goes even further than the court below went in this case in ruling out evidence in cases of this kind.

OPINION BY MR. JUSTICE TRUNKEY:

It was rightly ruled by the learned judge of the common pleas that there is no evidence varying the effect of the written lease, and, therefore, the 2d and 3d assignments of error are not well taken.

The contention of the defendant in error that "the boarding of Shamburg was not a part of the lease," and that the agreement therefor was a collateral matter, is undeniable. Neill and Shamburg made the lease to Beaver. Shamburg and Beaver made the contract for the boarding and use of rooms. No matter if Beaver declined to close the contract without his wife's consent, for she did consent, and he boarded Shamburg and his family and permitted them to occupy the rooms during the term of the lease.

In the testimony as printed, respecting the terms of the contract for board and rooms, there is little conflict. Shamburg testifies that he was to have the rooms as long as he wanted, and for an indefinite time. Beaver says the arrangement for board and rooms was for a year. They agree that no new contract was afterwards made for either board or rooms, that the board was paid for, and no charge was made for rooms for the first three years.

Beaver testifies that he demanded possession of the rooms before the first year was up, and also the second year, and again in the fall of the third year; but Shamburg and his family remained and were boarded notwithstanding. It does not appear that any demand was accompanied with notice to Shamburg that there would be any increase of price for board or rooms if he should remain.

We think it was error to instruct the jury that the plaintiff "is entitled to have deducted, by way of equitable defense, the rental value of four rooms which he alleges that Dr. Shamburg persisted in occupying after notice to vacate the same," and the first assignment of error must be sustained.

What the contract was, and whether it was violated by Shamburg must be determined by the jury. From the fact that, after the notice, Shamburg did not leave the rooms, the legal conclusion by no means follows that their rental value shall be deducted from his claim under the lease.

Had Beaver ceased to board Shamburg and his family, the case would be different. Telling him to go, and afterwards inducing him to stay, leaves the case as if Beaver had said nothing. Had he wanted him to go what would have been more natural than to have stopped feeding him? Unless he was bound by contract, Beaver was not bound at all to permit Shamburg and his family to eat at his table and lodge at his house.

Possibly a jury may find a breach of contract by Shamburg; but they should be instructed that if Shamburg persisted in occupying the rooms after notice to quit as he had done before, and Beaver persisted in boarding him and his family as he had done before, without change of terms, he is neither entitled to extra price for board nor pay for rooms. Notice to a boarder and occupant of a room to quit, followed by no other action than a continuance of boarding and occupancy as before the notice, makes no change in the contract as regards compensation.

Judgment reversed, and *venire facias de novo* awarded.